UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENRIQUE TELLO SOLORZANO,

    Plaintiff,

v.

JEFFERSON B. SESSIONS, et al.,

    Defendants.

Case No. 18-cv-00025-JCS

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION WITHOUT PREJUDICE**

Re: Dkt. No. 11

## I. INTRODUCTION

Petitioner Enrique Tello Solorzano filed a petition for habeas corpus ("Petition") on January 2, 2018, when he was in immigration custody at the Mesa Verde Detention Center in Bakersfield, California. In his Petition, Solarzano asserted claims challenging denial of his requests to be released on bond and his application for U nonimmigrant status. On January 18, 2018, Solarzano was removed to Mexico. Defendants now bring a Motion to Dismiss ("Motion") asking the Court to dismiss Solarzano's Petition on the basis that: 1) the claims challenging the bond denial are moot because Solarzano is no longer being detained; and 2) the Court does not have subject matter jurisdiction over the claim challenging the denial of Solarzano's U nonimmigrant status application. The Court finds that the Motion is suitable for determination without a hearing and therefore **vacates the hearing set for April 20, 2018 at 9:30 a.m.** pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Factual Background

Solorzano is a citizen of Mexico who entered the United States unlawfully. Petition ¶ 33. Prior to his recent removal to Mexico, he had lived in the United States for 18 years. Authenticating Declaration of Counsel in Support of Petition for Writ of Habeas Corpus ("Authenticating Decl."), Ex. 6. During that time, he became an alcoholic and was convicted four times of driving under the influence ("DUI"). Petition ¶ 33. In 2015, Solarzano received a felony DUI conviction and was sentenced to a year of incarceration, of which he served six months. Motion, Ex. A. (Mar. 21, 2016 Order of Immigration Judge) at 1–2. Following his release from incarceration, Solarzano was placed in immigration detention pursuant to 8 U.S.C. § 1226(a) and removal proceedings were initiated against him. Petition ¶¶ 8-9; Motion, Ex. A at 1.

While in removal proceedings, Solarzano received two decisions by an immigration judge denying his applications to be released on bond. Motion, Exs. A & B (bond decisions). In both, the immigration judges considered Solarzano's past DUIs and concluded that there was clear and convincing evidence that his release would pose a danger to the community. *Id*. The immigration judges found that Solarzano's willingness to enter into a 6-month residential treatment program was not sufficient to ameliorate this risk in light of his past failed attempts to address his alcohol addiction. *Id*. Solarzano appealed both decisions to the Board of Immigration Appeals ("BIA"), which denied the appeals. Motion, Ex. C (May 20, 2016 BIA decision); Ex. D (Oct. 18, 2016 BIA decision).

During the pendency of his removal proceedings, Solorzano's wife applied for a derivative U nonimmigrant visa for her husband by filing with U.S. Citizenship and Immigration Services ("USCIS") a Petition for Qualifying Family Member of U-1 Recipient (Form I-918 Supplement A), based on her own Petition for U Nonimmigrant Status (Form I-918) as a principal victim of qualifying criminal activity. Petition ¶ 14. Except as otherwise provided in the Immigration and Nationality Act, aliens who are inadmissible are ineligible to receive visas and ineligible to be admitted to the United States. 8 U.S.C. § 1182(a). Therefore, to receive a U nonimmigrant visa, an alien must either be admissible into the United States or, if he is inadmissible, receive a

nonimmigrant waiver of inadmissibility from USCIS. 8 C.F.R. § 214.14(f)(1)(ii). Solorzano admits that he is inadmissible. Petition ¶¶ 41, 61. He therefore requested a waiver of admissibility from USCIS. *Id.* ¶¶ 19, 59; Docket No. 1-3 at ECF pages 91–97.

In a decision dated December 1, 2017, USCIS denied Solorzano's waiver request, relying heavily upon Solarzano's multiple DUI convictions. Docket No. 1-3 at ECF pages 112–18. In the decision, USCIS acknowledged that Solarzano had strong family and community ties and that he had attended Alcoholics Anonymous while incarcerated. *Id.* at116-117. Nonetheless, the decision stated that Solarzano had provided "insufficient evidence to demonstrate [his] rehabilitation," noting, among other things, that "[w]hen a person's liberties are restricted due to detention or probation, the structured environment and continuous supervision limits opportunities to conduct restricted unlawful acts," making it difficult for a judge to determine "whether lasting rehabilitation or reform of character has occurred." *Id.* at 117. Because USCIS denied Solarzano's request for a waiver of inadmissibility it also denied his U visa application. *Id.* at 110-111.

On January 16, 2018, an immigration judge ordered Solorzano removed. Because Solarzano waived appeal of that order, it became final. 8 C.F.R. § 1241.1(a); Motion, Ex. E (Jan. 16, 2018 Order of Immigration Judge). He was subsequently removed to Mexico pursuant to a final order of removal. Motion, Ex. F (Warrant of Removal).

**B.     The Petition**

In the Petition, Solarzano asserted four claims. First, he asserted a claim under the Immigration and Naturalization Act ("INA") and *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) based on the allegation that he was denied an "adequate hearing at which the government shows that his detention remains justified." Petition ¶¶ 65-71. Second, he asserted that his prolonged detention without an adequate bond hearing also violated his constitutional right to Due Process under the Fifth Amendment. *Id.* ¶¶ 72-77. Third, Solarzano asserted a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), based on the allegation that his "treatment at the bond hearing and subsequent bond order" were arbitrary and capricious and an abuse of discretion because the immigration judge did not "seriously consider[ ]" the "legal basis

3

of why [Solarzano] posed no 'risk to society.'" *Id*. ¶¶ 78-83. Finally, Solarzano asserted another claim under the APA asserting that the denial of his U nonimmigrant visa was arbitrary and capricious because "Petitioner can show, and can demonstrate through discovery and subpoenas, that other unrelated applicants for U nonimmigrant status have been approved with substantially similar or more egregious criminal records" and those applicants also "have less family ties and connections to the United States than the instant Petitioner." *Id*. ¶¶ 84-88. (Hereinafter, the Court refers to Petitioner's first three claims as "the Bond Claims;" it refers to the fourth claim as "the U Visa Claim.")

### C. Contentions of the Parties

In the Motion, Defendants contend Solarzano's Bond Claims are now moot because he is no longer being detained, having been removed to Mexico. Defendants further contend Solarzano's U Visa Claim should be dismissed because that decision turned on a discretionary decision, namely, the decision not to waive Solarzano's inadmissibility, and therefore is not subject to judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii). Defendants also contend the U Visa denial is not "final" because Solarzano's appeal of that decision is still pending, precluding review of the denial under the APA.

Solarzano argues that his removal does not render his Bond Claims moot because the denial of his bond requests resulted in collateral consequences, namely, his inability to show that he had been truly rehabilitated due to his continued detention, which resulted in the denial of his request for an admissibility waiver and led to his removal. Solarzano also argues that his Bond Claims fall under an exception to the mootness doctrine because they involve issues that are "capable of repetition yet evading review." With respect to his U Visa Claim, Solarzano rejects Defendants' argument that the Court lacks subject matter jurisdiction over that claim, citing *Kucana v. Holder*, 558 U.S. 233 (2010) and *Ahmed v. Mayorkas*, 719 F. Supp. 2d 1080, 1081 (N.D. Cal. 2009). He also argues that there is no exhaustion required as to this claim because it raises constitutional questions and therefore, under the habeas statute, the exhaustion requirement is merely prudential. Because exhaustion is futile, Petitioner asserts, the Court need not wait for his appeal of the denial of his U nonimmigrant status application to be decided to address his U

4

Visa Claim.

**III. ANALYSIS**

**A. Whether the Bond Claims Are Moot**

"At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* (citations omitted). Because the relief sought on Petitioner's Bond Claims was release from detention, these claims present a live controversy only if Petitioner can point to some legally cognizable collateral consequences that resulted from the denial of his request for release on bond that can be remedied by further proceedings. The Court concludes that Petitioner has not done so.

In support of his assertion that there were collateral consequences associated with the denial of his bond requests, Petitioner points to USCIS's reliance on his inability demonstrate that he was truly rehabilitated while in detention in support of its denial of a waiver of inadmissibility. Petitioner argues that had he not been in detention he could have participated in a residential treatment program and demonstrated that he was truly rehabilitated. This is not the sort of "remaining collateral consequences" that can be remedied by the Court on this Petition. Even if the Court concluded that there was some collateral consequence with respect to Petitioner's U nonimmigrant visa application arising out of the failure to provide an adequate hearing on detention, the Court could not now order such a hearing, or afford any other remedy related to Petitioner's detention because he is no longer in detention.

Moreover, Petitioner's assertion that he would have been able to demonstrate his rehabilitation and thereby receive a U nonimmigrant visa if he had been released on bond is both speculative and not the sort of "concrete legal disadvantage" that is required to give rise to standing. *See Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1125 (9th Cir. 2003). Hypothetically, Petitioner *might* have been able to demonstrate that he was fully rehabilitated if he had been released on bond, but past unsuccessful attempts to address his alcohol addiction suggest there was

5

also a reasonable possibility that Petitioner would not have been successful. Likewise, successful completion of the program *might* have led USCIS to reach a different conclusion as to whether to waive Petitioner's inadmissibility so that he could obtain a U nonimmigrant visa, but that is only a *possibility*.

The Court also rejects Petitioner's assertion that his Bond Claims fall under the mootness exception for claims that are capable of repetition but evading review as there is no reasonable expectation that Petitioner will be subject to future immigration custody. *See Martinez-Reyes v. Burns*, No. CV 08-6039 CJC JC, 2011 WL 1375293, at *3 (C.D. Cal. Mar. 18, 2011), report and recommendation adopted, No. CV 08-6039 CJC JC, 2011 WL 1375163 (C.D. Cal. Apr. 11, 2011) ("To the extent petitioner suggests he might again illegally enter the United States and be subject to ICE detention . . . such argument is insufficient to evoke the 'capable of repetition' exception since, among other reasons, this Court must assume petitioner will conduct his activities within the law and so avoid such a scenario."); *see also Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (holding that "capable of repetition, yet evading review" exception to mootness doctrine applies only where "there is a reasonable expectation that *the same complaining party* will be subject to the same action again.")(internal quotation marks, citations and brackets omitted; emphasis added).

For these reasons, the Court dismisses Petitioner's Bond Claims on the basis that they are moot.

**B.     Whether the Court Has Subject Matter Jurisdiction Over the U Visa Claim**

An alien may be eligible for U–1 nonimmigrant status when he or she has been the victim of qualifying criminal activity. 8 C.F.R. § 214.14(b); *see also* 8 U.S.C. § 1101(a)(15)(U). A derivative U nonimmigrant visa may also be granted to a qualifying family who is admissible to the United States. 8 C.F.R. § 214.14(f)(1). Where an applicant for U nonimmigrant status is inadmissible, a waiver of the admissibility requirement may be requested under 8 U.S.C. §§ 1182(d)(14) or 8 U.S.C. § 1182(d)(3)(a)(ii). Under subsection (d)(14), the Secretary of Homeland Security is afforded discretion to grant a waiver of the U visa admissibility requirement if "the Secretary of Homeland Security considers it to be in the public or national interest to do so."

Section 8 U.S.C. §1182(d)(3)(a)(ii) affords the Attorney General the discretion to grant a waiver of inadmissibility as to an alien who is inadmissible for any of the reasons set forth under subsection (a) of Section 1182.[2] Finally, 8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part, that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." This jurisdictional bar does not, however, apply to "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

Because the decision of whether to grant Petitioner's application for a waiver of the admissibility requirement for U nonimmigrant status falls within the discretion of the Secretary of Homeland Security and/or the Attorney General, judicial review of that decision is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii). Nor has Petitioner raised any colorable constitutional claims in connection with his U Visa Claim that would place it outside of the ambit of the jurisdictional bar in Section 1252(a)(2)(B)(ii). First, Petitioner does not expressly assert any constitutional claims in his Petition based on the denial of U nonimmigrant status. Second, to the extent he now contends his Petition raises Equal Protection and Due Process claims based on the denial of his U nonimmigrant visa, his arguments fail.

With respect to a possible Equal Protection claim, Petitioner asserts in his Petition only that inadmissibility has been waived for other applicants with more serious criminal records and fewer ties to family and community; he does *not* allege that he was subjected to unequal treatment based on his membership in any particular class, as is necessary to state a claim for violation of his

---

[2] The Homeland Security Act, enacted in 2002, contains a provision stating that where functions have been transferred by that Act to Department of Homeland Security ("DHS"), statutory references to the authority that was formerly responsible for those functions will be deemed to refer to DHS. *See* 6 U.S.C. § 557 ("With respect to any function transferred by or under this chapter[,] . . . reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary, other official, or component of the Department to which such function is so transferred."). Pursuant to that provision, the discretion afforded the Attorney General under 8 U.S.C. § 1182(d)(3)(a)(ii) appears to have been transferred to the Secretary of the Department of Homeland Security.

constitutional right to Equal Protection. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (to state an Equal Protection claim "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class"). To the extent Petitioner might seek to assert a substantive Due Process claim based on denial of U nonimmigrant status, such a claim is precluded because "discretionary relief is a privilege created by Congress, [and therefore] denial of such relief cannot violate a substantive interest protected by the Due Process clause." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003). Finally, Petitioner has identified no procedural Due Process violation with respect to the denial of his U nonimmigrant visa, in contrast to his Bond Claims.

Petitioner's reliance on *Kucana v. Holder*, 558 U.S. 233, 244 (2010) in support of his assertion that the Court has subject matter jurisdiction over his U Visa Claim is misplaced. Petitioner is correct that in *Kucana*, the Court found that Section 1252(a)(2)(B)(ii) did *not* preclude judicial review of the BIA's denial of a motion to reopen removal proceedings, rejecting the BIA's argument that the decision was not subject to judicial review because administrative regulations (but not the statute itself) gave the Attorney General discretionary authority as to such decisions. Here, in contrast, the discretionary authority of the Attorney General (or Secretary of Homeland Security) to waive inadmissibility in connection with U nonimmigrant visas is expressly specified in the statute. Likewise, the Petitioner's reliance on *Ahmad v. Mayorkas*, 719 F. Supp. 2d 1080 (N.D. Cal. 2009), does not support his position. In that case, the petitioner challenged the procedures used by USCIS to decide his application for adjustment of status to Lawful Permanent Residence. *Id.* The court held that it had subject matter jurisdiction over the claim in that case but made clear that its decision was based, in part, on the fact that the plaintiff was not challenging UCSIS's denial of a waiver of admissibility, which it found was *not* subject to judicial review. *Id.* at 1085.

Therefore, the Court concludes that it does not have subject matter jurisdiction over the U Visa Claim.[3]

---

[3] Because the Court concludes that it has no subject matter jurisdiction over the U Visa Claim, it need not reach the parties' arguments as to exhaustion.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Petition is DISMISSED without prejudice on the basis that his Bond Claims are moot and the Court does not have jurisdiction to review Petitioner's U Visa Claim.

**IT IS SO ORDERED.**

Dated: April 17, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge